IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

DOUGLAS RAY BUCHANAN                                          PLAINTIFF

VERSUS                                                        CASE NO. 1:00CV208-SAA

LOWNDES COUNTY, MISSISSIPPI;
& JOE BROOKS, IN HIS
INDIVIDUAL CAPACITY                                           DEFENDANTS

**ORDER**

Before the court is the Motion *in Limine* filed by defendants to exclude certain evidence at the trial of this action. The court has reviewed the motion, responses and supporting materials and finds that the motion should be granted in part.

The defendants' seek to exclude two categories of evidence at trial. First, they seek to exclude "testimony of current or former employees of Lowndes County or any witnesses concerning the allegations or claims of politically motivated dismissals of other employees by the newly elected Lowndes County Board of Supervisors after taking office in January 2000," and secondly, to exclude "testimony from any witness regarding the claims of political retaliation of Joe Wiggins that were included in the case styled Wiggins v. Lowndes County, Mississippi, et al, . . . including, but not limited to, testimony referencing the jury Verdict in Wiggins' favor and the subsequent affirmance of that jury verdict on appeal." In support of the motion, defendants rely heavily on Wyvill v. United Companies Life Ins. Co, 212 F.3d 296 (5th Cir., 2000), wherein the court reversed a jury verdict in favor of a plaintiff because the lower court allowed unrelated claims of discrimination by other employees of the company into evidence at trial.

This case was filed pursuant to 42 U.S.C. §1983. In order to make a prima facie case

under §1983 a plaintiff must prove the existence of a policy or custom attributable to the county which was the 'moving force' behind the deprivation of constitutional rights. Monell v. Dept. of Social Services, 436 U.S. 658, 694 (1978). In this case, the plaintiff argues that the testimony of Gentry, Cornelius and Wiggins, each of whom filed lawsuits against Lowndes County alleging violation of their rights to free speech under the First Amendment, is the best evidence to establish the plaintiff's claims. Like plaintiff, Lowndes County employees Gentry, Cornelius and Wiggins filed suit claiming that they were demoted or otherwise adversely affected in their employment because they did not support, or campaigned against, a specific candidate for political office. According to the plaintiff, anecdotal evidence is the best evidence to establish a policy or custom by the defendants which was the "moving force" behind the plaintiff's claims of deprivation of constitutional rights under Monell.

Although the court does not disagree with plaintiff that it would be very helpful to allow the testimony in issue to prove liability under Monell, such anecdotal witness testimony, is not necessarily admissible simply because it is relevant and goes to prove an element of the plaintiff's claim. It may be excluded if its probative value is outweighed by the danger of unfair prejudice or confusion of the jury, Fed. R. Evid. 403, and defendants contend that it should be excluded because its relevance is outweighed by the prejudice defendants would suffer if it were admitted.

Unlike Wyvill, the individual employees in this case are similarly situated. Nevertheless, the Fifth Circuit has dismissed the First Amendment claims of both Gentry and Cornelius, who each held positions superior to that of the plaintiff, determining that those individuals' positions were politically sensitive and thus required personal loyalty to elected officials and were therefore subject to political patronage dismissal. Gentry v. Lowndes, 337 F.3d 481, 488 (5th Cir.

2003).  Wiggins, on the other hand, was employed by Lowndes County in the same position as plaintiff, and he obtained a jury verdict in his favor in September 2001.  The court has considered the evidence relating to Wiggins's dismissal and finds that it is relevant under Rule 401 of the Federal Rules of Evidence.  However, when the balancing test of Rule 403 is applied, it becomes apparent that such testimony could be confusing to a juror and prejudicial to the defendants.  Therefore, the court finds that although the factual testimony of any of these individuals may be helpful to prove the plaintiff's case under §1983 and Monell, the fact that they may have filed suit against the defendant county for political retaliation or, as in the case of Wiggins, received a jury verdict against the county would be unduly prejudicial to the defendants.  Accordingly, Gentry, Cornelius and Wiggins may only testify only to their personal knowledge of the factual circumstances surrounding their own specific employment situations;  plaintiff may not offer evidence in any form of the filing of any legal action by any other employee, or of the jury verdict in Wiggins and its subsequent affirmance on appeal.  Such limitations will not prohibit the plaintiff from proving his case and will protect the defendants from undue prejudice or harm.

It is therefore**, ORDERED**:

That the defendants' motion in limine is granted in part:

1. With regard to category one (1) the court grants this section of the motion in part, excluding testimony or other evidence relating to the filing of other legal actions, and/or the status of pending lawsuits by Gentry, Cornelius, or Wiggins.  Further, testimony and other evidence to the effect that Gentry and Cornelius filed suit against the defendant county for political retaliation, or that those claims were subsequently dismissed by the Fifth Circuit,  would cause confusion in the minds

of the jury and will likewise be prohibited. Notwithstanding, these individuals will be allowed to testify at the trial of this case that they were discharged for political reasons.

2. With regard to category (2) the court grants this section of the motion in part. Plaintiff shall be prohibited from offering testimony or other evidence at the trial of the instant case that Wiggins filed suit on his First Amendment claims, or that he obtained a jury verdict on those claims which was subsequently affirmed by the Fifth Circuit   Any reference to the jury's finding of Lowndes County's liability in the Wiggins case could be unduly prejudicial to the defendants and will be prohibited.

THIS,  the 13th day of June 2005.

                _____/s/ S. ALLAN ALEXANDER_____
                UNITED STATES MAGISTRATE JUDGE